UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RETAIL SERVICE SYSTEMS, INC.,

    Plaintiff,

    v.                                      Civil Action 2:14-mc-30
                                                      Judge George C. Smith
                                                      Magistrate Judge Elizabeth Preston Deavers

REID PENUAL,

    Defendant.

**ORDER, REPORT AND RECOMMENDATION, and CERTIFICATION OF FACTS**

    Plaintiff Retail Service Systems, Inc. ("RSS") filed this miscellaneous action to enforce a subpoena it served on third-party Florida attorney Reid Penuel. The underlying action, *Retail Service Systems, Inc. v. Carolina Bedding Direct, LLC, et al.*, Case Number 2:13-cv-994, is pending in this Court. This matter is before the Court *sua sponte* for a Report and Recommendation and a Certification of Facts regarding contempt pursuant to 28 U.S.C. § 636(e)(6)(B). For the reasons that follow, it is **RECOMMENDED** that (1) a show cause order be issued to Mr. Penuel to appear before the District Judge on a date certain and show chase why he should not be held in contempt for failing to obey the Court's January 13, 2015 Order; and (2) that Mr. Penuel be ordered to pay RSS's expenses incurred in connection with its attempts to compel his compliance with the subpoena. In addition, RSS is **DIRECTED** to submit an affidavit setting forth its reasonable expenses, including its attorneys' fees, incurred in connection its attempts to compel Mr. Penuel's compliance with the subpoena.

I. **MAGISTRATE JUDGE'S AUTHORITY REGARDING CONTEMPT**

Section 636(e) of the United States Magistrate Judges Act governs the contempt authority of magistrate judges.  28 U.S.C. § 636(e)(1) ("A United States magistrate judge serving under this chapter shall have within the territorial jurisdiction prescribed by the appointment of such magistrate judge the power to exercise contempt authority as set forth in this subsection.") Section (e)(6)(B), which applies in civil cases where the parties have not consented to final judgment by the magistrate judge, provides as follows:

> **(6) Certification of other contempts to the district court**.—Upon the commission of any such act—
>
> \*     \*     \*
>
> (B) in any other case or proceeding under subsection (a) or (b) of this section, or any other statute, where—
>
>> (i) the act committed in the magistrate judge's presence may, in the opinion of the magistrate judge, constitute a serious criminal contempt punishable by penalties exceeding those set forth in paragraph (5) of this subsection,
>>
>> (ii) the act that constitutes a criminal contempt occurs outside the presence of the magistrate judge, or
>>
>> (iii) the act constitutes a civil contempt,
>
> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6)(B).

Thus, a "magistrate judge's role on a motion for contempt in non-consent cases is to certify facts relevant to the issue of contempt to the district judge." *Euchlid Chem. Co. v. Ware*, No. 1:11-cv-135, 2013 WL 6632436, at *1 (S.D. Ohio Dec. 17, 2013) (collecting cases establishing the proposition). Such a certification "serves to determine whether the moving party can adduce sufficient evidence to establish a *prima facie* case of contempt." *In re Warren Easterling Litigation*, No. 3:14-mc-11, 2014 WL 3895726, at *1 (S.D. Ohio Aug. 8, 2014) (internal quotation marks and citation omitted).

## II.   CERTIFIED FACTS

On July 25, 2014, RSS filed this miscellaneous action in the United States District Court for the Middle District of Florida to enforce a subpoena it served on third-party Florida attorney Reid Penuel. On August 4, 2014, the Florida District Court noted that it appeared that Mr. Penuel had been personally served with the subject subpoena and ordered Mr. Penuel to show cause in writing why RSS's Motion to Compel should not be granted. (ECF No. 4.) On September 18, 2014, the Florida District Court transferred the action to this Court in accordance with Federal Rule of Civil Procedure 45(f). (ECF No. 11.) On January 13, 2015, this Court ordered Mr. Penual to show cause within fourteen days why he should not be held in contempt under Federal Rule of Civil Procedure 45(g) for his failure to obey the subpoena. (ECF No. 14.) To date, Mr. Penual has not responded to the following: (1) the subpoena; (2) RSS's Motion to Compel (ECF No. 1); (3) the United States District Court for the Middle District of Florida's Order to Show Cause (ECF No. 4); or (4) this Court's Show Cause Order (ECF No. 14).

## III.   ANALYSIS

Mr. Penual's failure to respond to the Court's Orders constitutes disobedience of lawful court orders and thus amounts to contempt before the magistrate judge. Rule 45(g) provides that

"[t]he court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). "Contempt proceedings enforce the message that court orders and judgments are to be complied with in a prompt manner." *IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003). A party who has disobeyed a court order may be held in civil contempt if it is shown, by clear and convincing evidence, that the party "violated a definite and specific order of the court requiring [him or her] to perform or refrain from performing a particular act or acts with knowledge of the court's order." *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 591 (6th Cir. 1987) (quotation omitted).  Once a *prima facie* case of contempt is established, "the burden shifts to the contemnor who may defend by coming forward with evidence showing that he is *presently* unable to comply with the court's order." *Gary's Elec. Serv. Co.*, 340 F.3d at 379.  To satisfy this burden, "a defendant must show categorically and in detail why he or she is unable to comply with the court's order." *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996) (quotation omitted).  The Court must also assess whether the defendant "'took all reasonable steps within [its] power to comply with the court's order.'" *Gary's Elec. Serv. Co.*, 340 F.3d at 379 (quoting *Peppers v. Barry*, 873 F.2d 967, 969 (6th Cir. 1989)).

In the instant action, the failure of Mr. Penual to respond RSS's subpoenas and to Magistrate Judge Abel's January 13, 2015 Show Cause Order (ECF No. 14) constitutes contempt before the Magistrate Judge.  Accordingly, it is recommended that the District Judge issue a show cause order to Mr. Penual to appear at a date certain to show cause why he should not be held in contempt of court for failing to obey the January 13, 2015 Show Cause Order.  It is

further recommended that RSS be granted its attorney's fees and expenses incurred in pursuing compliance with the subject subpoena.

## IV.   CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that (1) a show cause order be issued to Mr. Penuel to appear before the District Judge on a date certain and show chase why he should not be held in contempt for failing to obey Magistrate Judge Abel's January 13, 2015 Order; and (2) that Mr. Penuel be ordered to pay RSS's expenses incurred in connection with its attempts to compel his compliance with the subpoena.  In addition, RSS is **ORDERED** to submit an affidavit setting forth its reasonable expenses, including its attorneys' fees, incurred in connection its attempts to compel Mr. Penuel's compliance with the subpoena.  The Clerk is **DIRECTED** to serve a copy of this Order and Report and Recommendation and Certification of Facts upon attorney Reid Penuel via certified mail.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g., Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate

judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report an recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waiver.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted))

Date:  May 8, 2015                                               /s/ *Elizabeth A. Preston Deavers*
                                                                         Elizabeth A. Preston Deavers
                                                                         United States Magistrate Judge